TRIPPENSEE *v.* STELLWAGEN.

APPEAL AND ERROR — EXECUTORS AND ADMINISTRATORS — GARNISH
MENT—QUESTIONS REVIEWABLE.

Question of whether or not circuit court had jurisdiction to issue
writ of garnishment to administrator, with will annexed, of
estate in the process of probate is not decided where motion to
dismiss writ was formally denied without prejudice of renewal
at time of hearing on the statutory issue, there having been
no final determination of the matter by the trial court.

Appeal from Wayne; Campbell (Allan), J. Sub-
mitted June 5, 1936. (Docket No. 87, Calendar No.
38,979.) Decided September 2, 1936.

Garnishment proceedings by William F. Trip-
pensee against Karl D. Stellwagen, principal de-
fendant, and National Bank of Detroit, individually
and as administrator of the estate of Bertha Stell-
wagen, deceased, garnishee defendant. From order
denying motion to dismiss without prejudice,
garnishee defendant appeals. Affirmed.

*G. F. Classon* and *Herbert M. Eiges,* for plaintiff.

*Bulkley, Ledyard, Dickinson & Wright (John G.
Garlinghouse,* of counsel), for garnishee defendant.

BUSHNELL, J. Defendant bank is the administra-
tor, with the will annexed, of the estate of Bertha
H. Stellwagen, deceased, having qualified in this
capacity on March 12, 1935. All of the residue of

the estate was devised and bequeathed by Mrs. Stellwagen to her son Karl, the principal defendant herein.

An unsigned proposed final account, prepared for inheritance tax purposes, though not formally filed, was in the probate court records of the estate on December 18, 1935, and later removed. This paper indicated that all of the debts of the estate had been paid, leaving property for distribution in excess of the amount plaintiff claims is due him by Stellwagen.

An affidavit for writ of garnishment before judgment, in the usual form, was filed by plaintiff in the circuit court upon the date last mentioned.

The bank appeared specially on December 30, 1935, and moved to dismiss the writ of garnishment. It admitted its custody of funds of the estate but said it held the same subject to the order of the probate court for the county of Wayne; that its final account had not been filed; that it was not indebted to the principal defendant and had no property in its possession or under its control belonging to him.

The motion to dismiss was continued from time to time until February 8, 1936. In the interim, on January 22, 1936, defendant bank filed its final account in the probate court, secured an order allowing the same and directing the distribution of the estate. On the same date it paid and delivered the residue of the estate to the principal defendant.

Upon being informed of these facts the circuit court denied the motion to dismiss, but without prejudice to its renewal and consideration upon the garnishment trial. Disclosure was then filed and the bank was granted leave to appeal from the formal order of denial.

The circuit judge included in the record on appeal the following statement of reasons for this action:

"This case came up on Saturday morning, among one of many on a crowded docket. It appeared from the interchange of counsel's statements that the bank had already paid out the money to Mr. Stellwagen under some private arrangement which they made with him. It seemed to the court that it was only fair to require the garnishee defendant to abide a hearing on the merits, which would, in this case, be obtained by framing a statutory issue after disclosure. In this way, the contention of law of the garnishee defendant which was not admitted by the plaintiff, could be tried simultaneously with the determination of the question of the liability, if any. The court, therefore, had directed, as appears from the concise statement, that the motion be denied, but without prejudice to its renewal at the time of the hearing on the statutory issue.

"It is this court's understanding that motions to dismiss may be noticed in advance of the trial on the merits, but that it is still discretionary with the court to postpone hearing such motions until the hearing on the merits, without prejudice to anybody's rights.

"In view of the fact that this is a discretion, which, if exercised, injures the garnishee defendant in no wise, it is not apparent to this court why any damage has been suffered by the garnishee defendant which would make it necessary to protect its interests by this special appeal from a matter which is final in no respect."

Appellant seeks a determination of a jurisdictional question, which, though not difficult to decide, has not been finally determined by the trial court. The statement of the trial judge does not indicate

that any difficulty will be encountered in adjudicating the rights of the parties.

We are aware of the amount of litigation in the Wayne circuit court and its method of handling a large number of motions and miscellaneous matters on certain days. The court has control of its own docket and may if it desires "without prejudice to anybody's rights" direct that such a motion be set down for hearing on a day certain or upon trial, in order that the respective parties may be given more careful, thorough and undisturbed consideration.

The determination of this appeal would be tantamount to holding that the trial judge abused his discretion and would be deciding a question not as yet passed upon by the trial court. This we are unwilling to do until and unless there has been a final determination in the court below.

We, therefore, do not render any opinion upon the question of the jurisdiction of the circuit court to issue its writ of garnishment to an administrator of an estate in the process of probate, and affirm the order of the circuit court, with costs to appellee.

NORTH, C. J., and FEAD, WIEST, BUTZEL, SHARPE, and TOY, JJ., concurred. POTTER, J., did not sit.